■ Sadie Bard et al., Appellants, v. Luis Velazquez et al., Respondents.— Order, entered May 14, 1965, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to plaintiffs-appellants, and plaintiffs' motion for general preference granted. The affidavits of plaintiff wife and of a physician and the medical reports, establish prima facie serious injuries and permanent or protracted disability to the 67-year-old plaintiff, including a fracture of the upper end of the left fibula, chip fracture of lateral malleolus of left ankle, a one-half inch shortening of left leg and protracted pain, all resulting from the accident. Consequently, there was a sufficient showing to warrant the granting of the preference. Issues of credibility are to be reserved for the trial; but, in view of serious conflict in medical reports and diagnoses and other factors bearing upon alleged causal relationship of plaintiff's present disability and complaints to the accident, it is suggested that, prior to the trial, an application be made by either party for the examination of plaintiff wife and report by an impartial medical expert as authorized by subdivision 12 of rule XI (part 1) of the Rules of the Supreme Court, New York and Bronx Counties. Concur— Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ George E. Netter et al., as Executors of Samuel E. Aaron, Deceased, et al., Appellants, v. Jacob Freidus et al., Respondents.— Appeal from order, entered October 27, 1965, insofar as it modified prior order entered August 11, 1965, to eliminate countersignature requirements on checks and withdrawals from bank accounts of corporate defendants, unanimously dismissed, without costs and disbursements to any party, and without prejudice. Counsel for the parties agreed on the argument and have stipulated to a trial on January 26, 1966, or as soon thereafter as the cause is reached, of the issues raised by the first separate and complete defense of defendants Freidus and Pacific Management Corporation; and such trial may result in the disposal of the action. In the meantime, and pending such trial and the entry of an order or judgment on the determination thereat, the stay of the enforcement of the said order entered October 26, 1965, as provided for in the order of this court, entered November 16, 1965, is continued. The dismissal of the appeal is without prejudice to any proper application to the Trial Justice during the trial or at Special Term following the trial; and is also without prejudice, following the trial, to an application to reinstate the appeal hereby dismissed, but counsel are cautioned that any determination of this appeal on the merits would be based upon the proceedings, papers and facts contained in the present record. Settle order on notice. Concur— Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.